UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EUGENE WARREN LEMMIRE, JR.,

    Plaintiff,

v.                                                   Case No:   6:14-cv-785-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

### ORDER[1]

Pending before the Court is Plaintiff's Unopposed Petition for Attorney's Fees (Doc. 22).  Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff's attorney requests an award of $3,496.59 in fees.  The Commissioner does not oppose the motion (Id., at 3).

Plaintiff brought this action for judicial review of the Commissioner's final decision denying his claim for Social Security disability benefits (Doc. 1).  On August 17, 2015, the Court entered its Order reversing the Commissioner's decision and remanding the case for further proceedings (Doc. 18).  Judgment for Plaintiff was entered on September 9, 2015 (Doc. 21).

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at

---

[1] The parties consented to referral of this case to a magistrate judge and on September 8, 2014, the district judge entered an Order referring the case to the magistrate to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (Doc. 12).

the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

Plaintiff filed his petition for attorneys' fees on September 10, 2015 (Doc. 22).  The petition alleges that Plaintiff is the prevailing party, the Commissioner's position in the underlying action was not substantially justified, and Plaintiff's net worth was less than $2 million when the case was filed (Id., at 1-2). The case does not present any special circumstances.

Counsel seeks compensation at the rate of $190.06 for 17.1 hours of attorney time expended in 2014, and compensation at the rate of $189.67 for 1.3 hours of attorney time in 2015 (Id., ¶ 8).  The discrepancy in the hourly rate is caused by a change from 2014 to 2015 in the annual all urban consumer price index (Id., at 10).  Counsel has attached a copy of his time records supporting his request to the petition (Id., at 12-13).  The Court finds the hourly rates and hours claimed to be reasonable.

Plaintiff has assigned his right to any attorney's fees awarded pursuant to the EAJA to his attorney (Doc. 22-1).  In Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the Supreme Court held that an award of EAJA fees belongs to the plaintiff, not the plaintiff's attorney, and is therefore, subject to offset to satisfy any pre-existing debt owed by the plaintiff to the government.  The Ratliff court implicitly approved the Commissioner's practice of issuing payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to such fees to the attorney.  Id. at 2529.

The Commissioner has agreed that if the U.S. Department of the Treasury determines that Plaintiff does not owe a debt to the Government, then the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's attorney

(Doc. 22 at 2).

After due consideration, Plaintiff's petition is **GRANTED**. Plaintiff is awarded $3,496.59 in EAJA attorney's fees. Payment be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 10, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record