UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EUGENE WARREN LEMIRE, JR. ,

Plaintiff,

v. Case No: 6:14-cv-785-Orl-TBS

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

# ORDER

Pending before the Court is a Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. §406(b) (Doc. 24), filed by Plaintiff's attorney, Richard A. Culbertson. The motion follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. §405 (Docs. 18, 21). As set forth in the motion, Mr. Culbertson petitions this Court for authorization to charge his client a fee for federal court representation in the amount of $7,341.11. This fee is based on a contingency fee agreement between counsel and Plaintiff (Doc. 24-1), and the Commissioner's letter notification that Plaintiff was awarded past due benefits (Doc. 24-2). The Commissioner filed a Response objecting to Plaintiff's calculation of the fee, which did not include a deduction for the §406(a) fees previously awarded to Plaintiff's counsel. Upon review, the motion is **GRANTED** in part.

I. The Applicable Law

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b),

and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under §406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the Equal Access to Justice Act, 28 U.S.C. § 2142(d) ("the EAJA"). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which is paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

In Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970), the Fifth Circuit held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." As the Eleventh Circuit has adopted the law of the former Fifth Circuit as binding precedent,[1] Dawson applies here, and the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits. See Paltan v. Comm'r of Soc. Sec., 518 F. App'x. 673 (11th Cir. 2013); Bookman v. Comm'r of Soc. Sec., 490 F. App'x 314 (11th Cir. 2012).[2]

[1] See Bonner v. City of Pritchard, 661 F.2d 1206, 1209-11 (11th Cir. 1981).

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive

As for the third avenue of attorney compensation, the EAJA permits a claimant to seek an award of fees against the government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a Savings Provision providing that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, § 3, 99 Stat. 183, 186 (unmodified). See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request).

The application of these provisions in this circuit means the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits, and double payment under the EAJA is not allowed. See, e.g., Paltan, 518 F. App'x.at 674; Bookman, 490 F. App'x 314; Westfall v. Comm'r of Soc. Sec., Case No. 6:14-cv-784-DAB (M. D. Fla. April 19, 2016); Bibber v. Comm'r of Soc. Sec., No. 6:12-cv-1337-ORL, 2015 WL 476190 (M.D. Fla. Feb. 5, 2015); Carbonell v. Comm'r of Soc. Sec., No. 6:11-CV-400-ORL-22; 2015 WL 631375 (M.D. Fla. Feb. 13, 2015) ("No matter what statute or combination of statutes an attorney uses to obtain fees after a successful Social Security appeal, binding Eleventh Circuit precedent caps the aggregate amount of attorney's fees at 25 percent of the past-due benefits awarded to claimant.")

Moreover, the fee itself must be reasonable. In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that

authority. See 11th Cir. R. 36-2.

attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (citations omitted). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In making this reasonableness determination, a court can consider several factors, including: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. In these instances, a downward reduction may be in order and the Court can appropriately reduce the fee. Id. at 805, 808.

II. The Fee Calculation

Plaintiff received an award of past-due benefits in the amount of $43,350.80. Twenty-five percent of that award is $10,837.70. Counsel acknowledges that a fee in the amount of $3,496.59 was awarded under the EAJA, and the Commissioner has authorized a fee for work done at the administrative level (§406(a)) in the amount of $2,629.70. Mr. Culbertson calculates his fee as follows: 25% of the past-due benefits ($10,837.70), minus the EAJA fees awarded ($3,496.59) equals $7,341.11. The Commissioner correctly notes, however, that this calculation fails to account for the §406(a) award.

As this Court has recognized in the §406(b) context: "[w]hen attorney fees for work at the administrative level under 42 U.S.C. § 406(a) are granted, these attorney fees are subtracted from the total amount of 25% of the past-due benefit. Plaintiff's counsel is

therefore only entitled to the portion of the ... amount that remains after any attorney fees under § 406(a) have been deducted." Scoggins v. Comm'r of Soc. Sec., Case No. 5:08-cv-278-Oc-TBS, 2011 WL 6010300, *2 (M.D. Fla. Nov. 30, 2011). Subtracting the §406(a) award ($2,629.70) from the withheld 25% amount ($10,837.70), the appropriate total for the first step of the calculation is $8,208.00. This does not end the matter, as counsel has chosen to effectuate the EAJA refund by deducting the amount of the EAJA award from his §406(b) request. Applying the statutory framework and authority discussed above,[3] the maximum amount of fees Mr. Culbertson is entitled to seek is **$4,711.41** (25% of Plaintiff's total past-due benefits ($10,837.70) minus the amount of 406(a) fees previously awarded ($2,629.70) and minus the amount of EAJA fees previously awarded ($3,496.59). The Court proceeds to determine whether this amount is reasonable.

Considering the Gisbrecht factors, the Court does not find the fee of $4,711.41 to be so out of line as to constitute a windfall. Nor is there any indication that counsel was responsible for delay or any other factor which would serve to make the award unreasonable. As such, and absent any further objection from the Commissioner or Plaintiff, the motion is **granted, in part.** Counsel is authorized to charge his client $4,711.41, consistent with the fee agreement and his representation that he has deducted the EAJA award from his request.

---

[3] Mr. Culbertson argues that Paltan is non-binding and notes that there are four cases pending in the Eleventh Circuit Court of Appeals "seeking an Order overruling the decision in Paltan." (Doc. 24 at 5). This contention is of little weight. Although Paltan is, indeed, unpublished, Mr. Culbertson was counsel in that case and raised the same arguments in the appellate court as he raises here. Unless and until Paltan is distinguished or otherwise rejected in published opinion, this Court aligns itself with the other judges in this district that have found it persuasive.

For similar reasons, Mr. Culbertson's reliance on White v. Comm'r of Soc. Sec., 2012 WL 1900562 (M.D. Fla. May 2, 2012) is misplaced. White was decided in 2012 prior to the issuance of Paltan. Indeed, Judge Kelly has since cited Paltan favorably. See, e.g., Wood v. Comm'r of Soc. Sec., No. 6:12-CV-1883-ORL22-GJK, 2016 WL 1445377 (M.D. Fla. Mar. 29, 2016).

**DONE** and **ORDERED** in Orlando, Florida on November 15, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record